**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10206 |
| Plaintiff-Appellant, | D.C. No. 4:16-cr-00356-PJH-1 |
| v. | |
| HOWARD EUGENE NICKLES III, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before: WALLACE, BERZON, and CALLAHAN, Circuit Judges.

The government appeals the sentence imposed on defendant Howard

Nickles, III, for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1).

The government maintains that Nickles's prior robbery conviction, under

California Penal Code § 211, categorically constituted a "crime of violence" under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the United States Sentencing Guidelines, *see* U.S.S.G. §§ 4B1.2(a), 2K2.1(a) (2016), and that the district court erred in concluding otherwise.

We affirm. Under 2016 amendments to the Sentencing Guidelines' definition of a "crime of violence," *see* U.S.S.G., Supp. Appx. C, Amend. 798 (Aug. 1, 2016), "Guidelines-defined extortion does not criminalize extortion committed by threats to property." *United States v. Bankston*, No. 16-10124, at 8. Because California robbery *does* criminalize such threats, "California robbery is not a 'crime of violence.'" *Id.* at 4.

The government's textual, contextual, and legislative history arguments to the contrary—that the Guidelines' amended "crime of violence" definition *still* encompasses threat-to-property extortion—are now entirely foreclosed by *United States v. Edling*, 2018 WL 3387366 (9th Cir. June 8, 2018). *Edling* definitively "interpret[ed] the new definition of extortion as excluding injury and threats of injury to property." *Id.* at *4 (internal quotation marks omitted).

**AFFIRMED.**